# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEAH MITELBERG, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STEVENS INSTITUTE OF TECHNOLOGY,<br><br>Defendant. | Civil Action No.<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Leah Mitelberg ("Plaintiff") brings this action on behalf of herself and all others similarly situated against Defendant Stevens Institute of Technology ("Stevens" or "Defendant"). Plaintiff makes the following allegations pursuant to the investigation of counsel and based upon information and belief, except as to the allegations specifically pertaining to herself, which are based on personal knowledge.

## NATURE OF THE ACTION AND FACTS COMMON TO ALL CLAIMS

1.     This is a class action lawsuit on behalf of all people who paid tuition and fees for the Spring 2020 academic semester at Stevens, and who, because of Defendant's response to the Novel Coronavirus Disease 2019 ("COVID-19") pandemic, lost the benefit of the education for which they paid, and/or the services for which their fees paid, without having their tuition and fees refunded to them.

2.     Stevens is one of this country's oldest technological universities with an enrollment of over 6,000 students.  Stevens's campus is located in Hoboken, New Jersey, and is comprised of four academic schools:  the Charles V. Schaefer, Jr. School of Engineering and Science, the School of Systems and Enterprises, the School of Business and the College of Arts and Letters.  Stevens offers roughly 29 undergraduate majors as well as 22 Ph.D. programs, 43

master's programs, and 122 certificate programs.

3.    Plaintiff and Class Members entered into a contractual agreement with Stevens where Plaintiff would provide payment in the form of tuition and fees, and Defendant, in exchange, would provide in-person educational services, experiences, opportunities, and other related services to Plaintiff and Class Members.  The terms of the contractual agreement were set forth in publications from Stevens Institute of Technology, including Stevens Institute of Technology's Spring Semester 2020 Course Catalog.

4.    When Plaintiff and Class Members sought to enter into a contractual agreement with Defendant for the provision of educational services for the Spring Semester 2020, Plaintiff and Class Members viewed the Course Catalog to make specific course selections prior to registering and paying for selected courses.

5.    The Course Catalog provided Plaintiff and Class Members with information regarding the courses offered, the instructor, the days and times during which the courses would be held, and the location (including the building and room number) in which courses would be held.  An exemplar of the Spring Semester 2020 Course Catalog is pasted below:

## Course Sections

You will need to use the section Call Number to drop or add a course. If a course section requires a special fee or has a prerequisite, a cor

**2020 Spring**

Select Another Term | Select Another Subject | Select Another Course

| Section Title | Call Number | Status Seats Available | Activity | Days Time Location | Instructor | Session and Dates | Credits |
|---|---|---|---|---|---|---|---|
| CS -496-A Programming Languages | 10540 | Closed | lecture | MWF 01:00-01:50PM Main Campus Gateway South Building 122 | Bonelli E | Normal Academic Term 01-21-20 to 05-18-20 | 3.00 |
| Prerequisite course required CS -334 --- and (cont.) Concur Prereq course reqd CS -385 or CS -182 | | | | | | | |
| CS -496-B Programming Languages | 10541 | Open - 6 of 65 | lecture | MWF 02:00-02:50PM Main Campus Gateway South Building 122 | Bonelli E | Normal Academic Term 01-21-20 to 05-18-20 | 3.00 |
| Prerequisite course required CS -334 --- and (cont.) Concur Prereq course reqd CS -385 or CS -182 | | | | | | | |
| CS -496-C Programming Languages | 12226 | Open - 24 of 60 | lecture | R 06:30-09:00PM Main Campus Kidde Complex 360 | Bonelli E | Normal Academic Term 01-21-20 to 05-18-20 | 3.00 |
| Prerequisite course required CS -334 --- and (cont.) Concur Prereq course reqd CS -385 or CS -182 | | | | | | | |

Back to top

Financial Aid: financialaid@stevens.edu -- Registrar: registrar@stevens.edu --

**RELEASE: 1.20**

6.      Stevens also provided Plaintiff and Class with the Stevens Course Scheduler

("Course Scheduler") that shows the dates, times, and location of the classes that they wish to

sign up for.[1]  None of the courses that Plaintiff signed up for were online, as shown below:

---

[1] https://web.stevens.edu/scheduler/#

7.      Other publications from Stevens reference the in-person nature of the Spring Semester 2020 course offerings, including course-specific syllabi and the University's Academic Policies,[2] which detail the policies, procedures, and expectations of Stevens Institute of Technology students.  The Academic Policies describe the rules regarding classroom absences. Students are informed that they "are expected to attend all classes in which they are enrolled." *See id*.

8.      The Academic Policies also encouraged on-campus activities by previously discouraging undergraduate students from taking online courses.  Undergraduate students were generally limited to "two online web courses per semester."  *See id*.  If an undergraduate student wanted to sign up for any online classes, they needed the permission of his or her advisor.  To take more than two online courses required a GPA of 3.2 or higher and the permission of the Office of the Dean of Undergraduate Academics.  *See id.*  This policy created an expectation that any in-person class that a student signed up for would not move online.

_____

[2] https://www.stevens.edu/about-stevens/university-policy-library/undergraduate-academics/undergraduate-academics-policies-and-procedures/policies-through-d

9.      Additionally, Stevens provides its faculty with a "Faculty Handbook,"[3] which sets forth many of the policies and procedures regarding faculty, including their teaching obligations to students.  One such obligation, of which students are the intended beneficiaries, is that "[f]aculty must be present to meet all assigned classes at the place and hour scheduled."   The handbook also states that the number of class meetings per session "may not be varied by individual teachers."  *Id*. at 2.

10.     Stevens' Spring Semester 2020 commenced on or around January 21, 2020, and was scheduled to conclude on or around May 18, 2020.  Plaintiff and Class Members' payment of tuition and fees were intended to cover in-person education, experiences, and services for the entirety of the Spring Semester 2020.

11.     On March 9, 2020, Stevens announced via letter from Marybeth Murphy (Vice President for Enrollment Management and Student Affairs) and Warren Petty (Vice President for Human Resources) that Stevens was working to transition all classes to online format as quickly as possible.[4]  On March 12, 2020, Stevens announced via letter from Christophe Pierre (Provost) that classes would continue to be taught completely online until at least April 5.  *Id*.  Finally, on March 17, 2020, Mr. Pierre announced that classes would continue in online format through the end of the Spring 2020 Semester.  *Id*.

12.     Thus, Stevens did not hold any in-person classes from March 11, 2020 through the end of the Spring Semester 2020.  Classes that continued were only been offered in an online format, with no in-person instruction.

13.     As a result of the closure of Defendant's facilities, Defendant did not deliver the

---

[3] https://www.stevens.edu/sites/stevens_edu/files/fac-hdbk_section_3_111715.pdf
[4] https://www.stevens.edu/directory/student-health-services/health-advisory-update/coronavirus-2019-covid-19-information/advisories-updates/march-2020#031020

educational services, facilities, access and/or opportunities that Plaintiff and the putative class contracted and paid for.  The online learning options provided to Stevens students were subpar in practically every aspect, from the lack of facilities, materials, and access to faculty.  Students were deprived of the opportunity for collaborative learning and in-person dialogue, feedback, and critique.  The remote learning options were in no way the equivalent of the in-person education that Plaintiff and the putative class members contracted and paid for.

14.     Stevens did not provide in-person education, experiences, or related services for approximately 50% of the Spring Semester 2020.

15.     Nonetheless, Stevens has not refunded any tuition or fees for the Spring 2020 Semester.

16.     Plaintiff and the putative class did not enter into an agreement with Stevens for online education, but rather sought to receive an in-person education from Stevens.  Plaintiff and the putative class are therefore entitled to a refund of tuition and fees for in-person educational services, facilities, access and/or opportunities that Defendant has not provided.  Even if Defendant did not have a choice in cancelling in-person classes, it nevertheless has improperly retained funds for services it did not provide.

17.     Plaintiff seeks, for herself and Class members, Defendant's disgorgement of the pro-rated portion of tuition and fees, proportionate to the amount of time that remained in the Spring Semester 2020 when classes moved online and campus services ceased being provided.  Plaintiff seeks a return of these amounts on behalf of herself and the Class as defined below.

## PARTIES

18.     Plaintiff Leah Mitelberg is a citizen of New Jersey who resides in Fort Lee, New Jersey.  Ms. Mitelberg is an undergraduate student at Stevens.  Ms. Mitelberg paid Defendant

approximately $31,671 in tuition and fees for Spring Semester 2020.  Ms. Mitelberg is pursuing

a degree in Cyber Security at Stevens.  The Cyber Security program at Stevens relies extensively

on in-person instruction, laboratory access, meaningful student presentations, peer collaboration,

and access to other university facilities.  None of these resources are available to Ms. Mitelberg

while in-person classes are suspended.  Ms. Mitelberg did not sign up for any online courses.

Although Stevens has provided a partial refund of housing costs, Stevens has not provided Ms.

Mitelberg any refund of tuition or other mandatory fees, despite the fact that in-person classes

have not been held since March 11, 2020.  The fees Plaintiff paid for include a $710 General

Services Fee and a $230 Student Activity Fee.

19.     Prior to beginning the Spring 2020 semester, and prior to paying tuition and fees,

Plaintiff consulted the Course Catalog and Course Scheduler and enrolled in courses for the

Spring 2020 semester.  In consulting the Course Catalog and Course Scheduler, Plaintiff

understood and believed that every course in which she enrolled was to be taught in-person.

Plaintiff's understanding and belief was based on the course specifying an on-campus location

where the course would be taught.  Thus, the in-person nature of the courses was part of the

benefit of the bargain, and Plaintiff would not have paid as much, if any, tuition and fees for the

Spring 2020 semester at Stevens had she known that the courses would not, in fact, be taught in-

person.

20.     Indeed Plaintiff's Spring 2020 semester schedule, as seen on her student schedule,

shows that each and every class in which she enrolled was to be taught in-person, in the

designated campus buildings:



21.     Defendant Stevens Institute of Technology is a private research university with its principal place of business at 1 Castle Point Terrace, Hoboken, NJ 07030.

**JURISDICTION AND VENUE**

22.     The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005, because at least one member of the Class, as defined below, is a citizen of a different state than Defendant, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs.

23.     This Court has personal jurisdiction over Defendant because it is headquartered in this District, many of the acts and transactions giving rise to this action occurred in this District.

24.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant's principal place of business is located in this District, Plaintiff is a resident of this District, and many of the acts and transactions giving rise to this action occurred in this District.  Specifically, the contract that is the subject of this action was formed in this District.

## FACTUAL ALLEGATIONS

### *Plaintiff And Class Members Paid Tuition And Fees For Spring Semester 2020*

25.     Plaintiff and Class members are individuals who paid the cost of tuition and other mandatory fees for the Spring 2020 Semester at Stevens.

26.     Spring Semester 2020 classes at Stevens began on or about January 21, 2020. Classes and final exams for the semester are scheduled for end on or around May 18, 2020.

27.     Plaintiff and Class members paid the cost of tuition for the Spring Semester 2020. They also paid other mandatory fees associated with the Spring Semester 2020, including but not limited to a General Service Fee and a Student Activity Fee.

28.     Undergraduate tuition for the Spring 2020 semester at Stevens is approximately $26,067.  Mandatory undergraduate fees include a $710 per semester General Service Fee and a $230 per semester Student Activity Fee.

29.     Graduate tuition for the Spring 2020 semester at Stevens is approximately $18,340.  Mandatory graduate fees include a General Service Fee which ranges from $306 to $485 per semester, as well as a $170 per semester Student Activity Fee.

30.     The tuition and fees described in the paragraph above is provided by way of example; total damage amounts – which may include other fees that are not listed herein but that

were not refunded – will be proven at trial.

### *In Response To COVID-19, Stevens Closed Campuses And Cancelled All In-Person Classes*

31.     On March 12, 2020, Stevens announced that because of the global COVID-19 classes would be held only in online format until at least April 5, 2020.  On March 17, 2020, Stevens announced that all classes would continue in online format through the end of the Spring 2020 semester.

32.     From March 11, 2020 through the end of the Spring Semester 2020, Stevens did not hold any in-person classes.  Classes that continued were only offered in an online format, with no in-person instruction.  Even classes for students with concentrations in areas where in-person instruction is especially crucial (such as music, engineering, and the sciences) only had access to minimum online education options.

33.     As a result of the closure of Defendant's facilities, Defendant did not deliver the educational services, facilities, access and/or opportunities that Plaintiff and the putative class contracted and paid for.  Plaintiff and the putative class are therefore entitled to a refund of all tuition and fees for services, facilities, access and/or opportunities that Defendant has not provided.  Even if Defendant did not have a choice in cancelling in-person classes, it nevertheless has improperly retained funds for services it is not providing.

34.     Plaintiff and members of the Class did not choose to attend an online institution of higher learning, but instead chose to attend Defendant's institution and enroll on an in-person basis.

35.     Defendant markets the Stevens on-campus experience as a benefit of enrollment on Stevens's website:

Few universities bring the world to you like we do. When you're here, you'll get the exceptional support and guidance you need to scale up for the impact you always knew you'd make. Since our founding in 1870 by America's "first family of inventors," Stevens has given students the knowledge, experience and confidence to be original and break new ground. The breathtaking view of the Manhattan skyline from our stunning, waterfront campus is the perfect symbol of what we offer — a world of opportunity that's waiting for you.

36.     Defendant offered Plaintiff and putative class members courses in specific classrooms through a course catalog which Plaintiff and putative class members accepted.  At no point did Defendant disclaim that the in-person classroom instruction could be replaced with online learning.

37.     The online learning options being offered to Stevens students are subpar in practically every aspect and a shadow of what they once were, from the lack of facilities, materials, and access to faculty.  Students have been deprived of the opportunity for collaborative learning and in-person dialogue, feedback, and critique.

38.     The remote learning options are in no way the equivalent of the in-person education putative class members contracted and paid for—especially given that the majority of Stevens' degree programs require significant laboratory time and face to face guidance.  The remote education being provided is not even remotely worth the amount charged class members for Spring Semester 2020 tuition.  The tuition and fees for in-person instruction at Stevens are higher than tuition and fees for other online institutions because such costs cover not just the academic instruction, but encompass an entirely different experience which includes but is not limited to:

- Face to face interaction with professors, mentors, and peers;

- Access to facilities such as libraries, laboratories, computer labs, and study rooms;

- Student governance and student unions;

- Extra-curricular activities, groups, intramural sports, etc.;

- Student art, cultures, and other activities;

- Social development and independence;

- Hands on learning and experimentation;

- Networking and mentorship opportunities.

39.     Through this lawsuit Plaintiff seeks, for himself and Class members, Defendant's disgorgement of the pro-rated portion of tuition and fees, proportionate to the amount of time that remained in the Spring Semester 2020 when classes moved online and campus services ceased being provided.  Plaintiff seeks return of these amounts on behalf of herself and the Class as defined below.

## CLASS ALLEGATIONS

40.     Plaintiff seeks to represent a class defined as all people who paid Stevens Spring Semester 2020 tuition and/or fees for in-person educational services that Stevens failed to provide, and whose tuition and fees have not been refunded (the "Class").  Specifically excluded from the Class are Defendant, Defendant's officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint ventures, or entities controlled by Defendant, and their heirs, successors, assigns, or other persons or entities related to or affiliated with Defendant and/or Defendant's officers and/or directors, the judge assigned to this action, and any member of the judge's immediate family.

41.     Plaintiff also seeks to represent a subclass consisting of Class members who reside in New Jersey (the "Subclass").

42.     Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class and Subclass may be expanded or narrowed by amendment or amended complaint.

43.     **Numerosity.**  The members of the Class and Subclass are geographically dispersed throughout the United States and are so numerous that individual joinder is impracticable.  Upon information and belief, Plaintiff reasonably estimate that there are tens of thousands of members in the Class and Subclass.  Although the precise number of Class members is unknown to Plaintiff, the true number of Class members is known by Defendant and may be determined through discovery.  Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third-party retailers and vendors.

44.     **Existence and predominance of common questions of law and fact.**  Common questions of law and fact exist as to all members of the Class and Subclass and predominate over any questions affecting only individual Class members.  These common legal and factual questions include, but are not limited to, the following:

(a)     whether Defendant accepted money from Class and Subclass members in exchange for the promise to provide services;

(b)     whether Defendant has provided the services for which Class and Subclass members contracted; and

(c)     whether Class and Subclass members are entitled to a refund for that portion of the tuition and fees that was contracted for services that Defendant did not provide.

(d)     whether Defendant has unlawfully converted money from Plaintiff, the Class

13

and Subclass; and

(e)     whether Defendant is liable to Plaintiff, the Class, and Subclass for unjust

enrichment.

45.     **Typicality.**  Plaintiff's claims are typical of the claims of the other members of

the Class in that, among other things, all Class and Subclass members were similarly situated and

were comparably injured through Defendant's wrongful conduct as set forth herein.  Further,

there are no defenses available to Defendants that are unique to Plaintiff.

46.     **Adequacy of Representation.**  Plaintiff will fairly and adequately protect the

interests of the Class and Subclass.  Plaintiff has retained counsel that is highly experienced in

complex consumer class action litigation, and Plaintiff intends to vigorously prosecute this action

on behalf of the Class and Subclass.  Furthermore, Plaintiff has no interests that are antagonistic

to those of the Class or Subclass.

47.     **Superiority.**  A class action is superior to all other available means for the fair

and efficient adjudication of this controversy.  The damages or other financial detriment suffered

by individual Class and Subclass members are relatively small compared to the burden and

expense of individual litigation of their claims against Defendant.  It would, thus, be virtually

impossible for the Class or Subclass on an individual basis, to obtain effective redress for the

wrongs committed against them.  Furthermore, even if Class or Subclass members could afford

such individualized litigation, the court system could not.  Individualized litigation would create

the danger of inconsistent or contradictory judgments arising from the same set of facts.

Individualized litigation would also increase the delay and expense to all parties and the court

system from the issues raised by this action.  By contrast, the class action device provides the

benefits of adjudication of these issues in a single proceeding, economies of scale, and

comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

48.    In the alternative, the Class and Subclass may also be certified because:

(a)    the prosecution of separate actions by individual Class and Subclass members would create a risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for the Defendant;

(b)    the prosecution of separate actions by individual Class and Subclass members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and/or

(c)    Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class as a whole.

**<u>COUNT I</u>**
**Breach Of Contract**
**(On Behalf Of The Class And Subclass)**

49.    Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

50.    Plaintiff brings this claim individually and on behalf of the members of the Class and Subclass against Defendants.

51.    Plaintiff and Defendant entered into a contractual relationship where Plaintiff would provide payment in the form of tuition and fees, and Defendant, in exchange, would

provide in-person educational services, experiences, opportunities, and other related services. The terms of the parties' contractual relationship are set forth in publications from Stevens Institute of Technology, including the Spring Semester 2020 Course Catalog and Course Scheduler.

52.     The Course Catalog and Course Scheduler provided Plaintiff and Class Members with information regarding the courses offered, the instructor, the days and times during which the courses would be held, and the location (including the building and room number) in which the courses would be held.

53.     Other publications from Stevens reference the in-person nature of the Spring Semester 2020 course offerings, including course specific syllabi and the University's Academic Policies,[5] which detail the policies, procedures, and expectations of Stevens Institute of Technology students.  The Academic Policies describe the rules regarding classroom absences. Students are informed that they "are expected to attend all classes in which they are enrolled." *Id*.

54.     The Academic Policies also encouraged on-campus activities by limiting Undergraduate students to "two online web courses per semester."  *See id*.  In fact, if an undergraduate student wanted to sign up for any online classes, they needed the permission of their advisor.  To take more than two online courses required a GPA of 3.2 or higher and the permission of the Office of the Dean of Undergraduate Academics.  *Id*.  This policy created an expectation that any in-person class that a student signed up for, would not move online.

55.     Additionally, Stevens provides its faculty with a "Faculty Handbook,"[6] which

_____

[5] https://www.stevens.edu/about-stevens/university-policy-library/undergraduate-academics/undergraduate-academics-policies-and-procedures/policies-through-d
[6] https://www.stevens.edu/sites/stevens_edu/files/fac-hdbk_section_3_111715.pdf

provides many of the policies and procedures regarding faculty, including their teaching obligations to students.  One such obligation, of which students are the intended beneficiaries, is that "Faculty must be present to meet all assigned classes at the place and hour scheduled."   The handbook also states that the number of class meetings per session "may not be varied by individual teachers."  *Id.* at 2

56.     Through the admission agreement and payment of tuition and fees, Plaintiff and each member of the Class and Subclass entered into a binding contract with Defendant.

57.     As part of the contract, and in exchange for the aforementioned consideration, Defendant promised to provide certain services, all as set forth above.  Plaintiff, Class, and Subclass members fulfilled their end of the bargain when they paid monies due for Spring Semester 2020 tuition.  Tuition for Spring Semester 2020 was intended to cover in-person educational services from January through May 2020.  In exchange for tuition monies paid, Class and Subclass members were entitled to in-person educational services through the end of the Spring Semester.

58.     Defendant materially breached the parties' contractual agreement by failing to provide in-person education services for the entirely of the Spring Semester 2020.  The provisions of the contract breached by Defendant include, but are not limited to, the provision setting forth the details of in-person educational services as described in the Spring Semester 2020 Course Catalog and Course Scheduler.  The Spring Semester 2020 Course Catalog and Course Scheduler indicated classes would be administered in an in-person, on-campus setting. The Course Catalog and Course Scheduler did not make any reference to the administration of these courses in an online format.

59.     Defendant also materially breached the parties' contractual agreement by

retaining various mandatory and optional fees, including, but not limited to, the Student Activity Fee and the General Service Fee, which are used to support on-campus services and facilities.

60.     Defendant has failed to provide the contracted for services and has otherwise not performed under the contract as set forth above by failing to provide in-person educational services from March 11, 2020 through the end of the Spring 2020 semester.  Defendant has retained monies paid by Plaintiff and the Class for their Spring Semester 2020 tuition and fees, without providing them the benefit of their bargain.

61.     Plaintiff and members of the Class and Subclass have suffered damage as a direct and proximate result of Defendant's breach, including but not limited to being deprived of the education, experience, and services to which they were promised and for which they have already paid.

62.     As a direct and proximate result of Defendant's breach, Plaintiff, the Class, and Subclass are entitled to damages, to be decided by the trier of fact in this action, to include but not be limited to reimbursement of certain tuition, fees, and other expenses that were collected by Defendant for services that Defendant has failed to deliver.  Defendant should return the pro-rated portion of any Spring Semester 2020 tuition and fees for education services not provided since Stevens shut down on March 11, 2020.

63.     Defendant's performance under the contract is not excused due to COVID-19. Indeed, Defendant should have refunded the pro-rated portion of any education services not provided.  Even if performance was excused or impossible, Defendant would nevertheless be required to return the funds received for services it did not provide.

64.     Therefore, Defendant should return a pro-rata share of the tuition and fees paid by Plaintiff and Class Members that relate to those in-person educational services that were not

provided after Stevens Institute of Technology shut down on or around March 11, 2020.  In-person educational services were not provided for approximately 50% of the Spring Semester 2020.

**COUNT II**
**Unjust Enrichment**
**(On Behalf Of The Class And Subclass In The Alternative)**

65.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

66.     Plaintiff brings this claim individually and on behalf of the members of the Class and Subclass against Defendant.

67.     Plaintiff and members of the Class and Subclass conferred a benefit on Defendant in the form of monies paid for Spring Semester 2020 tuition and other fees in exchange for certain services and promises.  Tuition for Spring Semester 2020 was intended to cover in-person educational services from January through May 2020.  In exchange for tuition monies paid, Class members were entitled to in-person educational services through the end of the Spring Semester.

68.     Defendant voluntarily accepted and retained this benefit by accepting payment.

69.     Defendant has retained this benefit, even though Defendant has failed to provide the education, experience, and services for which the tuition and fees were collected, making Defendant's retention unjust under the circumstances.

70.     Accordingly, Defendant should return the pro-rated portion of any Spring Semester 2020 tuition and fees for education services not provided since Stevens shut down on March 11, 2020.

71.     It would be unjust and inequitable for Defendant to retain the benefit conferred by Plaintiff's and Class Members' overpayments.

72.     Defendant should be required to disgorge all profits resulting from such overpayments and establishment of a constructive trust from which Plaintiff and Class Members may seek restitution.

## COUNT III
### Conversion
### (On Behalf Of The Class And Subclass)

73.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

74.     Plaintiff brings this claim individually and on behalf of the members of the Class and Subclass against Defendant.

75.     Plaintiff and members of the Class and Subclass have an ownership right to the in-person educational services they were supposed to be provided in exchange for their Spring Semester 2020 tuition and fee payments to Defendant.

76.     Defendant intentionally interfered with the rights of Plaintiff, the Class, and Subclass when it moved all classes to an online format and discontinued in-person educational services for which tuition and fees were intended to pay.

77.     Plaintiff and members of the Class and Subclass demand the return of the pro-rated portion of any Spring Semester 2020 tuition and fees for education services not provided since Stevens shut down on March 11, 2020.

78.     Defendant's retention of the fees paid by Plaintiff and members of the Class and Subclass without providing the educational services for which they paid, deprived Plaintiff, Class and Subclass members of the benefits for which the tuition and fees paid.

79.     This interference with the services for which Plaintiff and members of the Class and Subclass paid damaged Plaintiff and Class members in that they paid tuition and fees for

services that will not be provided.

80.     Plaintiff, Class and Subclass members are entitled to the return of pro-rated portion of any Spring Semester 2020 tuition and fees for education services not provided since Stevens shut down on March 11, 2020.

<u>**COUNT IV**</u>
**Money Had And Received**
**(On Behalf Of The Class And Subclass)**

81.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

82.     Plaintiff brings this claim individually and on behalf of the members of the Class against Defendant.

83.     Plaintiff and members of the Class paid monetary funds to Defendant for tuition and fees for the Spring Semester 2020.

84.     Defendant has retained the monies paid by Plaintiff and members of the Class for the Spring Semester 2020 while not providing in-person educational services, activities, opportunities, resources, and facilities for which those monies were paid.

85.     Defendant is in possession of and holds money that belongs to Plaintiff and the members of the Class in equity and good conscience.

86.     Defendant has been unjustly enriched by its retention of the funds Plaintiff and the members of the Class paid Defendant for tuition and fees, and it is unconscionable for Defendant to retain funds to which it is not entitled.

87.     Defendant's unlawful retention of Plaintiff's and Class Members' funds has damaged Plaintiff and the members of the Class.

88.     Defendant owes Plaintiff and members of the Class for money had and received,

including, but not limited to, the amount of Plaintiff's and Class Members' pro-rated tuition and fees for the Spring Semester 2020.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

(a)  For an order certifying the Class and Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Subclass and Plaintiff's attorneys as Class Counsel to represent the Class and Subclass;

(b)  For an order finding in favor of Plaintiff and the Class and Subclass on all counts asserted herein;

(c)  For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

(d)  For prejudgment interest on all amounts awarded;

(e)  For an order of restitution and all other forms of equitable monetary relief;

(f)  For injunctive relief as pleaded or as the Court may deem proper; and

(g)  For an order awarding Plaintiff and the Class and Subclass their reasonable attorneys' fees and expenses and costs of suit.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated: January 22, 2021                    Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:    */s/ Philip L. Fraietta*
                Philip L. Fraietta

Philip L. Fraietta (118322014)
Alec M. Leslie (*pro hac vice* app. forthcoming)
888 Seventh Avenue
New York, NY 10019

Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email: pfraietta@bursor.com
           aleslie@bursor.com

**BURSOR & FISHER, P.A.**
Sarah N. Westcot (*pro hac vice* app. forthcoming)
2665 S. Bayshore Drive, Suite 220
Miami, FL 33133
Telephone: (305) 330-5512
Facsimile: (305) 676-9006
Email: swestcot@bursor.com

*Attorneys for Plaintiff*